UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

AMY M. ONSAGER
1609 South 14th Street
Sheboygan, Wisconsin 53081

      Plaintiff,

      v.        Case No: 17-CV-0683

SHARON S. RICHARDSON
COMMUNITY HOSPICE, INC.     **JURY TRIAL DEMANDED**
W2850 State Road 28
Sheboygan Falls, Wisconsin 53085

      Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Amy M. Onsager, by her counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorneys Janet L. Heins and Alan Freed, Jr., as and for a claim against the Defendant, alleges and shows to the court as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12112, *et seq.,* and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, *et seq.*

2. The unlawful employment practices giving rise to Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

3. The Plaintiff, Amy M. Onsager, is an adult female resident of the State of Wisconsin residing at 1609 South 14th Street, Sheboygan, Wisconsin 53081.

4. The Defendant, Sharon S. Richardson Community Hospice, Inc., is a Wisconsin non-stock corporation with a principal location of W2850 State Road 28, Sheboygan Falls, Wisconsin 53085.

5. Defendant, at all times material herein, had more than 15 employees.

6. Defendant, at all times material herein, was a recipient of federal funding for programs it conducted.

7. Defendant hired Plaintiff in June 2011, and it promoted her to Administrator in 2013.

8. At all times material herein, Plaintiff performed her job duties in accordance with the reasonable expectations of the Defendant.

9. Plaintiff was diagnosed with her disabilities, Stage 3 bilateral breast cancer and thyroid cancer, in August 2014, and she took a medical leave from Defendant beginning August 29, 2014 for cancer surgery and chemotherapy.

10. While Plaintiff was on medical leave, Defendant's Finance Director Andrew Vigilietti replaced her as Administrator.

11. In a December 23, 2014 email to Plaintiff, Vigilietti notified her, "Donna will be reaching out to you shortly after xmas with the answer on how to transition. She is clarifying some details as we speak. Please take this time and get yourself whole. **I will keep the chair warm for you.** Have as good a holiday as you can. Know you have a lot of people here thinking about you" (emphasis added).

12. On December 26, 2015, Plaintiff attempted to log into her internet access and email through Defendant, but the services had been discontinued.

13. Defendant, in an article by Vigilietti, deliberately reported falsely in its Winter 2015 newsletter that "Amy Onsager, Hospice Administrator, stepped down from her role in December to more fully focus on treatment and recovery for her own health situation."

14. Defendant required that Plaintiff be 100% healed before she could return to work.

15. Defendant did not engage in any interactive process with Plaintiff to determine reasonable accommodations for her disabilities that would allow her to return to work.

16. Plaintiff's doctor cleared her to return to work in March 2015 after chemotherapy.

17. Plaintiff had cancer surgery on May 20, 2015.

18. Plaintiff could have returned to work after four weeks of surgery recovery time after May 20, 2015, but Respondent refused to return her to work.

19. Defendant notified Plaintiff in an undated letter that "we are advising you that we are extending your medical leave until August 1, 2015."

20. In a letter dated July 21, 2015, Defendant terminated Plaintiff retroactive to June 29, 2015, without ever returning her to work or discussing her possible return to work with Plaintiff.

21. On or about October 13, 2015, Plaintiff filed an administrative complaint of discrimination with the Wisconsin Equal Rights Division, designated ERD Charge No. CR201502925, and cross-filed with the U.S. Equal Employment Opportunity Commission, designated EEOC Charge No. 26G201600081C.

22. The EEOC issued a Notice of Right to Sue on this charge dated May 12, 2017.

23. Plaintiff has exhausted her administrative remedies and satisfied all conditions precedent to bringing this action.

## FIRST CLAIM FOR RELIEF — ADA VIOLATIONS

24. Plaintiff realleges and incorporates paragraphs 1- 23 of this complaint by reference.

25. Defendant intentionally discriminated against Plaintiff by refusing to accommodate her disabilities and by terminating her employment on the basis of her disabilities in reckless disregard of her federally protected rights under the Americans with Disabilities Act, as amended, 42 USC § 12112, *et seq.*

26. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering, emotional distress, and loss of wages and other employment benefits.

## SECOND CLAIM FOR RELIEF — REHABILITATION ACT VIOLATION

27. Plaintiff realleges and incorporates paragraphs 1-26 of this complaint by reference.

28. Defendant intentionally discriminated against Plaintiff by terminating her employment on the basis of her disability in reckless disregard of her federally protected rights under the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* as an employee of an entity receiving federal funding for its programs.

29. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering, emotional distress, and loss of wages and other employment benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay

and/or reinstatement, compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 29 U.S.C. § 794a, 42 U.S.C. § 12205, 29 U.S.C. § 794, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY OF TWELVE AS TO ALL TRIABLE ISSUES.**

Dated this 15th day of May, 2017.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff

*s/ Janet L. Heins* .
Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com